IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GREGORY GILLENTINE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:12-cv-00633 |
| | ) |
| CAVALRY PORTFOLIO SERVICES, LLC | ) Jury Trial Demanded |
| | ) |
| Defendant | ) |

# COMPLAINT

## INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

## JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 (federal question jurisdiction).

3. This action arises out of multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereafter referred to as "FDCPA") by Defendant, in its illegal efforts to collect a consumer debt.

4. Venue is proper in this District because the acts and transactions occurred here,

[ 1 ]

Defendant transact business here and Plaintiff resides here.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff, Gregory Gillentine (hereafter referred to as "Plaintiff" and/or "Mr. Gillentine") is a resident of this State, District and Division who is authorized by law to bring this action.

6. Defendant Cavalry Portfolio Services, LLC (hereafter referred to as "Defendant" or "Cavalry") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in New York, with its principal office located at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595-2321 and maintains CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

7. Other defendants may be discovered in the course of litigation, and Mr. Gillentine respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

8. Defendant alleges Mr. Gillentine incurred an obligation to pay money arising out of a transaction in which money, property, insurance or services which are the subject of the transaction are primarily for personal family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Within a year prior to the filing of this Complaint, on or about December 8, 2011, Defendant sent a collection letter dated December 8, 2011 to Mr. Gillentine.

10. The December 8, 2011 collection letter from Defendant was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is

defined by 15 U.S.C. § 1692a(2). A copy of the December 8, 2011 collection communication is attached hereto as Exhibit 1 and incorporated herein by reference.

11. The December 8, 2011 collection letter stated (a) the original institution as Washington Mutual Bank; (b) the last four digits of the original account number is 3643; (c) the last four digits of Defendant's account is 4860, and (d) Mr. Gillentine owed a balance of $16,581.94.

12. In or about January 2012, Defendant called Mr. Gillentine on his roommate's phone and left a message stating the balance owed was $16,879.71.

13. The January 2012 collection call and subsequent voicemail message from Defendant was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14. Mr. Gillentine's roommate heard the voicemail left by Defendant.

15. Thereafter, Mr. Gillentine received a subsequent collection letter from Defendant dated February 7, 2012.

16. The February 7, 2012 collection letter from Defendant was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). A copy of the February 7, 2012 collection communication is attached hereto as Exhibit 2 and incorporated herein by reference.

17. The February 7, 2012 collection letter stated (a) the original institution as Washington Mutual Bank; (b) the last four digits of the original account number is 3643; (c) the last four digits of Defendant's account is 4860, and (d) Mr. Gillentine owed a balance of $17,000.24.

18. Thereafter, Mr. Gillentine received a subsequent collection letter from J.C. Christensen & Associates, Inc. (hereafter referred to as "JCC") dated March 13, 2012.

19. The March 13, 2012 collection letter from Defendant's agent was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). A copy of the March 13, 2012 collection communication is attached hereto as Exhibit 3 and incorporated herein by reference.

20. The March 13, 2012 collection letter from JCC stated (a) the original creditor as Washington Mutual Bank; (b) the last four digits of the original account number is 3643; (c) the current creditor as Cavalry, and (d) Mr. Gillentine owed a balance of $17,227.12.

21. Thereafter, Mr. Gillentine received a subsequent collection letter from Defendant dated August 10, 2012.

22. The August 10, 2012 collection letter from Defendant was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). A copy of the August 10, 2012 collection communication is attached hereto as Exhibit 4 and incorporated herein by reference.

23. The August 10, 2012 collection letter stated (a) the original institution as Washington Mutual Bank; (b) the last four digits of the original account number is 3643; (c) the last four digits of Defendant's account is 4860, and (d) Mr. Gillentine owed a balance of $18,297.68.

24. Thereafter, Mr. Gillentine received a subsequent collection letter from Van Ru Credit Corporation (hereafter referred to as "Van Ru") dated November 6, 2012.

25. The November 6, 2012 collection letter from Defendant's agent was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). A copy of the November 6, 2012 collection communication is attached hereto as Exhibit 5 and incorporated herein by reference.

26. The November 6, 2012 collection letter from Van Ru stated (a) that the original creditor as Riverwalk Holdings, LTD; (b) the last four digits of the original account number is 3643; (c) the current creditor as Cavalry SPV I, LLC, and (d) Mr. Gillentine owed a balance of $18,886.14.

CAUSES OF ACTION
FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:
THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO THE
AMOUNT OF THE ALLEGED DEBT

27. The acts of the Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the following:

28. The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §1692f(1).

29. The amount sought in Defendant's December 8, 2011 collection correspondence sought the amount of $16,581.94.

30. Approximately two months later, the amount sought increased to $17,000.24. See Exhibit 2.

31. The following month, Defendant, through its agent, JCC, sought the amount of $17,227.12. See Exhibit 3.

32. The amount increased to $18,297.68 via Defendant's collection correspondence dated August 10, 2012. See Exhibit 4.

33. Again, the amount increased to $18,886.14 through collection correspondence

[ 5 ]

dated November 6, 2012 from Defendant's agent, Van Ru.  See Exhibit 5.

34. The increased amounts sought after by Defendant is such that is not expressly authorized by the agreement creating the debt or permitted by law.

35. Furthermore, Defendant had no basis for the increased amount sought.

36. Defendants have never been able to provide documentation as to the actual contractual rate of interest or fees.

37. By attempting to collect an arbitrary increased amount, Defendant is attempting to collect interest and/or fees to which was neither authorized by the agreement creating the debt nor permitted by law.

38. As a result of Defendant's actions, Mr. Gillentine is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

CAUSES OF ACTION
SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:
THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO THE
AMOUNT OF THE ALLEGED DEBT

39. Mr. Gillentine incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The acts of Defendant constitute violations of the FDCPA.  Violations by the Defendant of the FDCPA include, but are not limited to, the use of false, deceptive or misleading representations in connection with the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2).

41. Defendant is attempting to collect interest and/or fees to which it has no basis.

42. As set forth in the Factual Allegations and the First Cause of Action herein,

Defendant has attempted to collected several different amounts from Mr. Gillentine over the course of the past year.

43. A calculation of accruing interest shows that the amounts demanded by Defendant are a result of Defendant's application of inconsistent rates of fees and interest as the balance increased by inconsistent amounts.

44. Defendant is intentionally false, deceptive and misleading in representing a contractual rate of interest and/or fees to which it was not entitled to collect.

45. Defendant has never been able to provide documentation as to the actual contractual rate of interest.

46. The varying balance amounts by Defendant are confusing to the least sophisticated consumer as to the actual amount owed.

47. By attempting to collect interest and/or fees to which it was not entitled to collect, Defendant has confused Mr. Gillentine as to what amount of money he owes on this account.

48. As a result of Defendant's actions, Mr. Gillentine is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

CAUSES OF ACTION
THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:
UNAUTHORIZED CONTACT BY DEFENDANT TO THIRD PARTIES

49. Mr. Gillentine incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The acts of Defendant constitute multiple violations of the FDCPA. Violations by the Defendant of the FDCPA include, but are not limited to, communicating with any person other than the consumer for any purpose other than the acquisition of location information about

the consumer, in violation of 15 U.S.C. §§ 1692b(1), 1692b(2), etc . . . .

51. Defendant left a voicemail for Mr. Gillentine which was not a phone for Mr. Gillentine directly but was the phone number solely in his roommate' name.

52. By leaving the voice message, Mr. Gillentine's roommate heard the voicemail in Defendant's attempt to collect the debt.

53. Consequently, Defendant contacted a third party. The FDCPA forbids a debt collector from discussing a consumer's debt with any third parties except under limited circumstances not present here.

54. For that reason, without the prior consent of the consumer given directly to the Defendant, it may not communicate with any other person in connection with the collection of the debt, except Mr. Gillentine, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, other than for the purpose of acquiring "location information".

55. As a result of Defendant's actions, Mr. Gillentine is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## TRIAL BY JURY

56. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE

ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

  a)  That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at a trial by a jury;

  b)  That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

  c)  That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

  d)  That the Court declare all defenses raised by Defendant to be insufficient; and

  e)  That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 6th day of December, 2012.

            GREGORY GILLENTINE

            BY: /s/ Brent Travis Strunk
               Brent Travis Strunk (BPR 023050)
               Attorney for Plaintiff

Brackett and Strunk, PLLC
303 Ellis Avenue
Maryville, TN 37804
865-983-4222
(f) 865-983-4223
brackettstrunkpl@bellsouth.net